UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIM KALTENBACHER and JAG GILL, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 05-CV-0508-CVE-FHM |
| | ) |
| HILLCREST HEALTHCARE SYSTEM, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is plaintiffs' Motion and Supporting Brief to Remand Case to Tulsa County District Court and for Award of Attorney [sic] Fees (Dkt. ## 8, 10). Plaintiffs argue that there is no diversity of citizenship between the parties and no federal question presented. Hillcrest alleges that plaintiffs' claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et. seq ("ERISA"). Removal to federal court is proper where ERISA preempts state claims. Aetna Health Inc. v. Davila, 542 U.S. 200 (2004). Therefore, the issue is whether parties' employment contracts are governed by ERISA, conferring federal jurisdiction under 28 U.S.C. § 1331.

ERISA preempts a state claim if that claim "requires the court to interpret or apply the terms of an employee benefit plan." Collins v. Ralston Purina Co., 147 F.3d 592, 595 (7th Cir. 1998) (citing Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 11 (1987)). The employee benefit plan at issue is explained in the parties' employment contract:

> In the event of a non-performance related termination resulting from reduction in workforce or changes in management, you would be kept on the Hillcrest payroll with full benefits for six months and core benefits for an additional three months in accordance with the Executive Severance Policy. Should termination be for performance reasons, other than an illegal act, severance will be a minimum of one month's pay.

Dkt. # 8, Ex. 1, Letter from Donald Lorack, Jr., President & CEO, Hillcrest HealthCare System, to Jim Kaltenbacher (March 17, 1998); Id., Ex. 2, Letter from Donald Lorack, Jr., to Jag Gill (February 26, 1997). This severance scheme "requires an ongoing administrative program to meet the employer's obligation" and, thus, is preempted by ERISA. Fort Halifax, 482 U.S. at 11; see also Petersen v. E.F. Johnson Co., 366 F.3d 676, 679 (8th Cir. 2004) (holding that ERISA preempts a severance plan requiring periodic payments). Further, Hillcrest's Executive Severance Policy provides eligibility criteria and states that "[t]he Chief Executive is authorized to grant case by case exception to the above eligibility [criteria] . . ." Dkt. # 11, Ex. 1. Thus, the policy requires Hillcrest to review terminated employees on an individual basis to determine whether each participant is entitled to severance. See Petersen, 366 F.3d at 679-80; Simas v. Quaker Fabric Corp., 6 F.3d 849, 853 (1st Cir. 1993) (holding that ERISA preempts a severance plan where "the employer would have to maintain records, apply the 'for cause' criteria, and make payments or dispute the obligation."). Accordingly, plaintiffs' motions to remand and for award of attorney fees (Dkt. ## 8, 10) are **denied**.

**DATED** this 3rd day of November, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

2