## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIM KALTENBACHER and JAG GILL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 05-CV-0508-CVE-FHM |
| ) | |
| HILLCREST HEALTHCARE SYSTEM, ) | |
| ) | |
| Defendants. ) | |

### OPINION AND ORDER

Now before the Court is defendant's motion to dismiss (Dkt. # 20) and motion to strike jury demand (Dkt. # 21). Plaintiffs filed this action in state court, seeking contractual, compensatory, and punitive damages for breach of contract and fraud arising out of plaintiffs' claims for termination benefits from defendant Hillcrest Healthcare System ("Hillcrest"). Hillcrest removed the action to this Court based upon federal question jurisdiction.

Plaintiffs filed an Amended Complaint (Dkt. # 19), which includes allegations identical to those in the Petition. Like the original Petition, the Amended Complaint includes state-based claims for breach of contract, liquidated damages pursuant to Okla. Stat. tit 40, § 165.3, fraud, and punitive damages. Plaintiffs have added to the Amended Complaint an additional claim under ERISA, alleging that the decision of the administrator of the program was arbitrary and capricious. Further, the Amended Complaint makes a jury demand.

Hillcrest moves the Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss plaintiff's Amended Complaint (Dkt. # 19). Hillcrest argues that plaintiffs' state law claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").

Hillcrest also moves to strike plaintiff's jury demand on the ground that the rights and remedies available under ERISA are equitable in nature, and thus, plaintiff has no right to a jury trial.

A motion to dismiss based on Fed. R. Civ. P. 12(b)(6) is properly granted when it appears beyond doubt that the plaintiff could prove no set of facts entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Yanaki v. Iomed, Inc., 415 F.3d 1204, 1207 (10th Cir. 2005). When a motion to dismiss is upon which relief can be granted, a court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the nonmoving party. See e.g., Yanaki, 415 F.3d at 1207. However, the Court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Board of County Commissioners, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Sutton v. Utah State School for the Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991)).

On October 3, 2005, the Court denied plaintiffs' motion to remand, holding that ERISA preempts plaintiffs' state law claims. Dkt. # 15. Plaintiffs concede that "so long as this Court exercises jurisdiction over this case, their sole remedy is under ERISA and that ERISA does not afford them a right to jury trial." Dkt. # 22. Accordingly, defendant's motion to strike jury demand (Dkt. # 21) is **granted** and defendant's motion to dismiss (Dkt. # 20) is **granted in part**: it is **granted** as to plaintiffs' state law claims; it is **denied** as to the ERISA claim. The parties shall submit, no later than January 23, 2006, a proposed schedule for submission of the administrative record and briefs.

**DATED** this 9th day of January, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT